**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SCOTT McCONNELL,**

                              **Plaintiff,**

                                **v.**                             **5:05-CV-634**
                                                                    **(FJS/DEP)**

**LeMOYNE COLLEGE; JOHN SMARELLI, JR.,**
**individually and in his official capacity as Provost of**
**LeMoyne College; CATHY JO LEOGRANDE,**
**individually and in her official capacity as Chair of the**
**LeMoyne College Education Department; MARK J.**
**TRABUCCO, individually and in his official capacity;**
**and "John Does" 1 through 10 being those unknown**
**members of the LeMoyne College faculty and/or**
**administration involved in the illegal conduct alleged**
**herein,**

                              **Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **LAW OFFICE OF SAMUEL A.** <br> **ABADY AND ASSOCIATES, P.C.** <br> 216 East 49th Street <br> 5th Floor <br> New York, New York 10017 <br> Attorneys for Plaintiff | **SAMUEL A. ABADY, ESQ.** |
| **CENTER FOR INDIVIDUAL RIGHTS** <br> 1233 20th Street, NW <br> Suite 300 <br> Washington, D.C. 20036 <br> Attorneys for Plaintiff | **MICHAEL E. ROSMAN, ESQ.** |
| **BOND, SCHOENECK & KING, PLLC** <br> One Lincoln Center <br> Syracuse, New York 13202 <br> Attorneys for Defendants | **JONATHAN B. FELLOWS, ESQ.** |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff brings causes of action for (1) equitable reinstatement, (2) violation of his First Amendment rights pursuant to 42 U.S.C. § 1983, (3) intentional infliction of emotional distress, (4) reckless infliction of emotional distress, and (5) negligent infliction of emotional distress. He seeks (1) immediate reinstatement; (2) an injunction barring Defendants from retaliating against him; (3) $5,000,000 plus $5,000,000 in punitive damages on each of his second, third, fourth, and fifth causes of action; (4) attorney's fees pursuant to 42 U.S.C. § 1988; and (5) costs and disbursements.

Currently before the Court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's second cause of action for failure to state a claim.[1]

## II. BACKGROUND[2]

In 2004, Plaintiff graduated from the State University of New York at Buffalo ("SUNY Buffalo") with a Bachelor of Arts degree. Prior to his graduation, he applied for admission to Defendant Le Moyne College's Master of Science for Teachers program ("program"). On

---

[1] Although only the named Defendants bring this motion, the Court refers to the named Defendants as "Defendants" in this Memorandum-Decision and Order.

[2] Given the procedural posture of this case, the Court assumes the truth of the allegations in Plaintiff's complaint.

-2-

March 25, 2004, Defendant Le Moyne College accepted him into the program. Upon his graduation, he enrolled as a student in the program. In summer and fall of 2004, he completed his first and second semesters in the program and honored his tuition requirements.

During his second semester, Plaintiff was enrolled in a course that Defendant Trabucco taught entitled Planning, Assessing, and Managing Inclusive Classrooms ("PAMI"). As part of the required course work in PAMI, Plaintiff submitted a written assignment dated November 2, 2004, and entitled Classroom Management Plan ("CMP"). The CMP contained statements of his personal, philosophical beliefs, including the following: "I do not feel that multicultural education has a philosophical place or standing in an American classroom, especially one that I will teach. I also feel that corporal punishment has a place in the classroom and should be implemented when needed." *See* Complaint at ¶ 14. Defendant Trabucco gave Plaintiff a grade of A- on the CMP and included a note that read, "*Interesting ideas - I've shared these w/ Dr. Leogrande.*" *See id.* at ¶ 15. Defendant Leogrande is the chair of Defendant Le Moyne College's Education Department and director of its Graduate Education Program.

In the fall of 2004, after completion of his second semester in the program, Plaintiff selected his course of study and registered for his third semester in the spring of 2005. At some point, Defendants Trabucco, Leogrande, and Smarelli, Defendant Le Moyne College's Provost and President for Academic Affairs, conferred about the statements in Plaintiff's CMP and conspired to expel him from Defendant Le Moyne College to punish him for his conservative beliefs. Shortly before the beginning of his third semester, Plaintiff was expelled from Defendant Le Moyne College. He first learned of his expulsion when he received a letter, dated January 13, 2005, from Defendant Leogrande. The letter stated, in pertinent part,

> I have grave concerns regarding the mismatch between your personal beliefs regarding teaching and learning and the LeMoyne College program goals. Based on this data, I do not believe that you should continue in the Le Moyne M.S.T. Program. You will not be allowed to register for any additional courses. Your registration for Spring 2005 courses has been withdrawn.

*See* Complaint at Exhibit "1."

Plaintiff filed the instant action on May 5, 2005, in the Supreme Court of the County of Onondaga, State of New York. Defendants removed the action to this Court on May 24, 2005, and filed their motion to dismiss on May 31, 2005. Plaintiff's response was initially due on June 21, 2005. On June 24, 2005, Plaintiff requested that the Court adjourn the motion until July 22, 2005. The Court essentially granted Plaintiff's request and set July 8, 2005, as the new due date for his response. *See* Dkt. No. 5. However, Plaintiff has still not responded.

### III. DISCUSSION

In considering a motion to dismiss for failure to state a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Hence, dismissal is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (quotation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

(citations omitted).

> "For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." . . . . A nexus of "state action" exists between a private entity and the state when "the state exercises coercive power, is entwined in the management or control of the private actor, or provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies."

*Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 187 (2d Cir. 2005) (quotation and internal quotation omitted).

Two paragraphs of Plaintiff's complaint contain allegations that explain his theory that Defendants are state actors:

> 32. Defendants acted under color of state law, *viz.*, their reasonable belief widespread among Le Moyne's administrators and faculty that the Education Department of the State of New York would not accept Le Moyne's accreditation of plaintiff as a teacher, and thus, required them to expel him from the Le Moyne Teachers Program.
>
> 33. Defendants are state actors because they expelled plaintiff from the Le Moyne Teachers Program based on the requirements of New York law governing education and teacher certification.

*See* Complaint at ¶¶ 32-33. The complaint also contains quotes of Defendant Smarelli from two interviews that he conducted. The quotations are relevant to Plaintiff's position that Defendants are state actors:

> He expressed his views about a teaching philosophy. At that point, we collected this as one piece of evidence. And, in fact, the paper was graded on the merits of the paper itself. Subsequently, however, this paper was part of the portfolio that was evaluated by various professors at Le Moyne College in a very systematic way. And in doing so, we felt it was our responsibility, the responsibility of Le Moyne College, that we could not

> certify Scott to teach in New York state.
>
> * * *
>
> New York state requires one to have a multicultural classroom. In Mr. McConnell's case, there was strong evidence that he did not support a multicultural classroom, a second violation of New York state laws.

*See* Complaint at Exhibit "3" at 2-3.

> We have a responsibility as an accrediting body for teachers, to be confident that these individuals when they go out and teach, are going to obey the laws of New York state, and in this and other instances, which I can't go into to specifics [sic], we could not be confident that this individual would abide by the laws of New York state.

*See* Complaint at ¶ 31.

Plaintiff does not allege that any state actor (1) coerced Defendants to take the actions that they did, (2) was entwined in the control or management of Defendant Le Moyne College, or (3) provided either overt or covert encouragement to Defendants. Nor does he allege that Defendants (1) wilfully participated in a joint activity with a state actor, (2) were under the control of a state agency, (3) performed a public function, or (4) were entwined with governmental policies. Instead, he alleges that Defendants were state actors because they believed that the State of New York would not accept their accreditation of him as a teacher and because they expelled him based upon the requirements of New York law. However, he does not allege that New York law required Defendants to take the action that they did. Nor does he even allege that Defendants would have faced adverse legal consequences if they had permitted him to complete the program.

Plaintiff's allegations that Defendants expelled him because they believed that he would eventually be unable to satisfy the requirements of New York law for teacher certification fall

-6-

short of alleging that any state action was involved in the expulsion itself. Since Plaintiff has failed to allege state action, he has not stated a § 1983 claim. Accordingly, the Court grants Defendants' motion to dismiss his second cause of action for failure to state a claim. Furthermore, based upon the allegations in Plaintiff's complaint, the Court does not see how he could allege state action.[3] Finally, since the only claims that remain are state-law claims over which the Court does not have original jurisdiction, the Court declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over Plaintiff's remaining claims.

### IV. CONCLUSION

After carefully considering the file in this matter, Defendants' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's second cause of action is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's remaining causes of action are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c);[4] and the Court further

---

[3] Defendant Le Moyne College's Education Department is certainly subject to certain New York regulations. *See, e.g.,* N.Y. Comp. Codes R. & Regs. tit. 8, § 52.21. However, the Court does not understand any of these regulations to mandate that Defendants expel those students who they anticipate will not satisfy the State of New York's certification requirements.

[4] Since 28 U.S.C. § 1367(d) tolls state statutes of limitations "while the claim is pending [in federal court] and for a period of 30 days after it is dismissed . . . . ," Plaintiff may still bring an action in state court based upon these remaining claims. 28 U.S.C. § 1367(d).

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**


Dated: August 17, 2005
       Syracuse, New York


Frederick J. Scullin, Jr.
Chief United States District Court Judge